JOHN RYAN & Co., Plaintiffs, *v.* THE CITY OF CINCINNATI, Defendants.

The plaintiffs were contractors with the city for grading and paving Cross street, under a contract " that compensation and payment for all work done, and materials furnished under the contract, should be made as specified in the ordinances of the city council regulating collection of special taxes for the improvement of streets," and not otherwise; and that the city of Cincinnati should not in any event be liable to pay for any part of the said work or the material used for the same, except such as may properly be chargeable upon the city property bounding or abutting on the said Cross street, agreeably to the provisions of the ordinance aforesaid.

After the work was done, the assessment was duly made and assigned, in pursuance of the contract, to the plaintiffs, and by them accepted, in consideration whereof they released the city from all claim on account of the work done and materials furnished under the contract for doing said work.

*Held*, that the city was not liable to an action by the contractors for the excess of the assessment above fifty per cent. of the value of a lot abutting on the street, which excess the contractors had failed to recover against the owner of the property.

IN GENERAL TERM ON PETITION IN ERROR.—The original petition stated that the plaintiffs, under a contract

with the city, made June 9, 1869, graded and paved Cross street, from Hamburg street, 333½ feet west-wardly; that the city assessed the cost by ordinance on the owners of property fronting on the street improved; that the estate of N. Longworth, deceased, resisted the payment of the assessment upon certain lots belonging to it, on the ground that the assessment exceeded fifty per cent. of the value of the lots; and on a trial it was found by a jury that the assessment against the lots did exceed the fifty per cent. of their value by $1,533.83, which amount the plaintiffs seek to recover against the city.

The contract under which the work was done, and the assessment made, for which the plaintiffs seek to recover, provided "that compensation and payment for all work done, and materials furnished under the contract, should be made as specified in the ordinances of the city council, regulating collection of special taxes for the improvement of streets," "and not otherwise; and that the city of Cincinnati should not in any event be liable to pay for any part of the said work, or the material used for the same, except such as may properly be chargeable upon city property bounding or abutting on the said Cross street, agreeably to the provisions of the ordinance aforesaid."

It was also averred, in the answer, that the city had no property bounding or abutting on said street. There is no claim that the assessment was not made according to the ordinance to which it refers, and which thus became, in part at least, part of the contract. And after the work was done and the assessment duly made, it was, in pursu-ance of the contract, transferred to the plaintiffs, who also, in pursuance of the contract, gave the following receipt and release, viz:

"CITY AUDITOR'S OFFICE,
CINCINNATI, October 16, 1869.

"Received of C. H. Titus, city auditor, a certificate of the whole amount of the costs and expenses estimated for grading and paving Cross street, from Hamburg street to

334½ feet west, under the ordinances of the city council for that purpose, and of the amount assessed upon each lot delineated and described in the city engineer's plat.

" And in consideration thereof, we do hereby release the city of Cincinnati from all claim on account of the work done and materials furnished under the contract for doing said work, from ——————, to ——————, between the said city, by her auditor, and the said John Ryan & Co.

      [Signed,]              " JOHN RYAN." [SEAL.]


*Long & Kramer*, for plaintiffs.


*Walker, Conner & Warrington*, for defendants.


TAFT, J. The plaintiffs rely upon the provision in the act of April 13, 1865, authorizing municipal corporations to levy assessments for the improvement of streets, etc., " that in NO CASES shall the tax levied and assessed upon any lots or lands, for any improvement authorized by this section, amount to more than fifty per centum of the value of said lot or land, to be estimated after the said improvement has been made, and *all* the cost of said improvement *exceeding* said per centum, that would otherwise be chargeable on said lot or land, *shall be paid* by the municipal corporation out of its general revenue."

The contract in the present case was made, as we have seen, in 1868, since the enactment of the statute relied on. The plaintiffs claim that the ordinance under which the contract was made was passed in 1850, long before the statute referred to, and it must, therefore, be interpreted without reference to the fifty per cent. limitation under the statute of 1865, or as impliedly excepting the excess above fifty per cent. of the said property to be paid by the city. Although the ordinance was adopted in 1850, the contract speaks as of 1868, when it was made, and we have to read it as of that date to ascertain what it means. Thus

reading it, we can put no construction upon it consistent with the city remaining liable for the excess above fifty per cent. of the value of any of the lots fronting on the street improved. The language is sweeping, and we know no canon of construction by which we can insert the exception claimed by the plaintiffs.

The contract is express that the plaintiffs shall rely upon the assessment made according to the ordinance, and in no event hold the city liable for any part of the work or material. It would be entirely inconsistent with, and a contradiction of this contract, to hold that the city is nevertheless liable for the cost above fifty per cent. of the value of any lot fronting on the street.

The next question is, whether the contract thus construed is binding upon the plaintiffs. So far as it relieves the city of the cost of the improvement above fifty per cent. of the value of the assessed property, it is an evasion of the statute of 1865, and tends to increase the assessment on other property. But the plaintiffs are parties to the contract, and have had and are seeking the benefit of it, and they can not, in the face of it, claim to recover this sum from the city. This is the result of the recent decision of the Supreme Court, in *Welker* v. *Toledo*, 18 Ohio St. 452, which case we regard as identical in principle with the present, where it was held "that in such cases the contractor himself can not, in violation of his own contract, recover the excess from the city."

The only difference between that case and the present is, that in that case the contract was that the contractor should not have recourse upon the city for the excess of the assessment above fifty per cent. of the value of the lot assessed, while in the present case the contract is that the city shall in no event be liable to the contractor for any part of the work or material. But, in our opinion, the contracts must receive the same construction so far as the alleged liability to the contractor is concerned.

Judgment at Special Term is affirmed.